IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


CHRISTIAN LEE GIER                                                    PLAINTIFF

v.                                      Civil No. 2:17-CV-02233

DEPUTY BARTHEL                                                    DEFENDANT


## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey two Court Orders and keep the Court apprised of his current address.

## I. BACKGROUND

On December 18, 2017, the Court entered an Order directing the Clerk to file Plaintiff's Complaint and *in forma pauperis* (IFP) application. (ECF No. 3). In this Order, Plaintiff was advised that if he was transferred to another jail or prison or released, he had thirty days to notify the Court of his new address. Plaintiff was further advised that failure to inform the Court of an address change within the deadline would subject his case to dismissal. (ECF No. 3). On January 11, 2018, the Court entered an Order granting Plaintiff IFP status, and again advising him that failure to inform the Court of an address change within thirty days of his transfer or release would subject his case to dismissal. (ECF No. 6).

On March 14, 2018, and March 26, 2018, mail sent to Plaintiff was returned as undeliverable because he was no longer incarcerated in the Crawford County Detention Center. The deadline for Plaintiff to inform the Court of his new address was April 16, 2018. To date, Plaintiff has not provided the Court with a new address. Plaintiff's last communication with the

1

Court occurred when he filed his Complaint and IFP application on December 18, 2017. (ECF Nos. 1, 2).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 18th day of April 2018.

/s/ P. K. Holmes, III

P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE